# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 16, 2025

```
*  *  *  *  *  *  *  *  *  *  *  *  *
JILL SHANTI ZINZI                    *
                                     *
              Petitioner,            *        No. 21-1729V
                                     *
v.                                   *        Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Courtney C. Jorgenson,* Siri & Glimstad, LLP, Phoenix, AZ, for petitioner.
*Kimberly S. Davey,* U.S. Department of Justice, Washington, D.C., for respondent.

### DISMISSAL DECISION[1]

On August 19, 2021, Jill Shanti Zinzi ("petitioner") filed a claim in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleged that she suffered from postural orthostatic tachycardia syndrome ("POTS") and other symptoms of autonomic dysfunction as a result of receiving the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on February 5, 2019.  *Id.* at Preamble.  On June 13, 2025, petitioner filed a motion requesting that the special master file a decision dismissing her claim.  Petitioner ("Pet'r") Motion ("Mot.") (ECF No. 51).  For the reasons discussed below, petitioner's motion is hereby **GRANTED**, and her petition is **DISMISSED.**

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the decision will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

## I.    Procedural History

Petitioner filed her claim for compensation on August 19, 2021.  ECF No. 1.  While petitioner's case was in Pre-Assignment Review ("PAR"), petitioner filed medical records to accompany her claim.  *See* Petitioner's ("Pet'r") Exhibits ("Exs.") 1-9 (ECF No. 6); Pet'r Exs. 10-12 (ECF No. 12); Pet'r Ex. 13 (ECF No. 15); Pet'r Ex. 14 (ECF No. 19); Pet'r Ex. 15 (ECF No. 22); Pet'r Ex. 16 (ECF No. 23).  After petitioner provided a statement of completion on October 20, 2022, this case was reassigned to the undersigned's docket on October 24, 2022.  Petitioner filed additional records on November 18, 2022.  Pet'r Ex. 17 (ECF No. 29).

The undersigned issued an initial order on August 30, 2023 and on May 23, 2024, respondent filed the Rule 4(c) report recommending against compensation for petitioner's claim.  Respondent ("Resp't") Report (ECF No. 33).  Responsive to the undersigned's scheduling order, petitioner filed an expert report from Dr. Mitchell Gordon Miglis.  Pet'r Ex. 19 (ECF No. 36).  Respondent filed responsive expert reports from Dr. Brian Olshansky and Dr. Andrew MacGinnitie.  Resp't Exs. A & C (ECF Nos. 39, 40).

On May 15, 2025, the undersigned held a Rule 5 status conference and in accordance with Vaccine Rule 5(a)(1)-(3), provided my tentative findings and conclusions that petitioner would not be able to demonstrate that she suffered her alleged injury of POTS or any other autonomic dysfunction caused by the Tdap vaccine.  Rule 5 Order (ECF No. 50).  I directed petitioner to file either a motion to dismiss her claim or a status report indicating how she intends to overcome the issues I raised in the Rule 5 Order.

On June 13, 2025, petitioner filed this instant motion requesting that I enter a decision dismissing her petition.  Pet'r Mot. at ¶ 1.  In her motion, petitioner cited the Rule 5 Order the undersigned issued following the Rule 5 Status Conference held on May 15, 2023, stating that the medical records, "…as a whole, do not reflect a unifying diagnosis of POTS, or any other autonomic disorder, but instead are more of a constellation of various symptoms, some of which started prior to the vaccination."  Pet'r Mot. at 1; *see also* Rule 5 Order at 4 (ECF No. 50).  Further, petitioner stated that she "understands that a decision by the special master dismissing her petition will result in judgment against her," and that she has been advised that such judgment will end all of her rights in the Vaccine Program.  Pet'r Mot. at ¶2.  Petitioner stated that she "does intend to protect her rights to file a civil action in the future," and requests that pursuant to 42 U.S.C. § 300aa-21(a)(2), she intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action.  *Id.* at 2.

## II.    Standard for Adjudication

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" –i.e. an injury falling within he Vaccine Injury Table—corresponding to one of the vaccinations or 2) that the vaccinee suffered an injury that was actually caused by a vaccine (i.e., a "Non-Table Injury").  *See* § 300aa-11(c)(1)(C).  Under either approach, petitioner bears the burden of proving a *prima facie case* by preponderant evidence.  § 300aa-13(a)(1)(A); *see also Moberly v. Sec'y of Health & Hum. Servs.,* 592 F.3d 1315, 1320 (Fed. Cir. 2010); *see also Althen v. Sec'y of Health & Hum.*

*Servs.,* 418 F.3d 1274, 1278 (Fed. Cir. 2005).   Here, petitioner does not allege that she suffered a Table injury; therefore she must show by preponderant evidence that the vaccination brought about her injury by providing (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Moberly,* 592 F.3d at 1322 (citing *Althen,* 418 F.3d at 1278).

Further, as a threshold matter, petitioner bears the burden of demonstrating that she suffered from the conditions for which she seeks compensation. *Broekelschen v. Sec'y of Health & Hum. Servs.,* 618 F.3d 1339, 1346 (Fed. Cir. 2010).  To establish a vaccine injury, petitioner must demonstrate by preponderant evidence that she actually suffered a "defined and recognized injury." *Lombardi v. Sec'y of Health & Hum. Servs.,* 656 F.3d 1343, 1353 (Fed. Cir. 2011) ("the statute places the burden on petitioner to make a showing of at least one defined and recognized injury….not merely a symptom or manifestation of an unknown injury.") (citing 42 U.S.C. § 300aa-11(c)(1)(C)(ii)(I); *Lasnetski v. Sec'y of Health & Hum. Servs.,* 696 Fed. App'x 497, 504 (Fed. Cir. 2017) (affirming that if petitioner fails to show that she suffers from at least one medically recognized injury, her claim necessarily fails.)  The identification of the injury is a prerequisite to any causation analysis. *Broekelschen,* 618 F.3d at 1346; *Lombardi,* 656 F.3d. at 1352.

Under Vaccine Rule 21(b), the special master or the court may dismiss a petition at the petitioner's request on terms that the special master or the court considers a proper issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3).   A dismissal under Vaccine Rule 21(b) will be with prejudice and result in judgment pursuant to Vaccine Rule 11 for purposes of 42 U.S.C. § 300aa-21(a).  Vaccine Rule 21(b)(2).

## III.    Analysis

While petitioner does not specifically acknowledge that her claim cannot succeed based on the evidentiary review of her claim and she does not request that the claim be dismissed under Vaccine Rule 21(b), she cites the Rule 5 Order in which I explained that it is unlikely that petitioner will be able to establish that she suffered POTS or any other autonomic dysfunction. Pet'r Mot. at ¶ 1.   Petitioner also acknowledges that a decision dismissing her claim will result in a judgment against her and will end her rights in the Vaccine Program.  *Id.* at ¶ 2.

I find it is appropriate to grant petitioner's motion, even though it does not contain a customary acknowledgement that the claim cannot succeed based on a review of the facts and science.  Expediency, judicial efficiency, and providing fairness to Vaccine Program claimants are all factors in allowing dismissal of claim when requested by a petitioner.  Dismissal of this claim will obviate the need to write a lengthy decision, and further preserve judicial resources. However, in order to conform with § 300aa-12(d)(3) of the Vaccine Act, this decision shall include expressed findings.

The special master may first determine which injury was best supported by the evidence presented in the record prior applying the *Althen* test. *Broekelschen,* 618 F.3d at 1346.  "Thus, identifying the injury is a prerequisite to the analysis [of causation]."  *Id.*  According to the

medical records submitted by petitioner and the expert reports, petitioner has not established by preponderant evidence that she suffered from POTS or any other autonomic dysfunction.

As I explained in the Rule 5 Order, the alleged POTS diagnosis was made based on a tilt-table test interpretation, petitioner's other treating physicians raised questions as to whether this was the correct interpretation. For example, Dr. Sinn at the Stanford Neuroscience Health Center, evaluated petitioner on September 21, 2020 and under "Possible Diagnosis/Recommendations" wrote, "Unlikely POTS: her outside tilt-table does not show 'sustained postural tachycardia.' At 9 minutes, [blood pressure] and [heart rate] increased. With next measurements, vital signs in standing position are normal. It may be from emotional stress responses. With POTS, I would expect standing [heart rate] stays high until the end of the study." Pet'r Ex. 8 at 13. Additionally, Dr. Sinn wrote, "#2. Numerous Symptoms: Her clinical presentation does not fit with typical autonomic disorder. I dot not have a unifying diagnosis within typical autonomic disorders." *Id.* Additionally, Dr. Svetlana Blitshteyn, a neurologist and autonomic specialist also reviewed petitioner's tilt table test and wrote, "A tilt table test in 2019 showed a heart rate increase to 140s within 6 min of tilt, but that elevation was transient and not sustained, so technically, she does not meet the diagnostic criteria for POTS." *Id.* at 2. Even petitioner's treating cardiologist at Kaiser Permanent wrote:

> "51 yo female with history of insomnia, neck pain, history of PTSD/depression (has been seen by psychiatry) with history of hyperflexible joints and easy bruising. Patient with history of dizziness, insomnia, and hip pain. Patient with multiple symptoms of fatigue, brain fog, symptomatic orthostasis has seen multiple specialists at Kaiser neurology, Stanford neurology, rheumatology with extensive work as noted above with no unifying diagnosis."

Pet'r Ex. 17 at 1748. Even though petitioner submitted an expert report from Dr. Miglis in support of her alleged vaccine injury, his opinion was insufficient to overcome the opinions expressed in petitioner's medical records from treating providers regarding her diagnosis. *See Cucuras v. Sec'y of Health & Hum. Servs.* 993 F.2d 1525, 1528 (Fed. Cir. 1993) ("Contemporaneous medical records "in general, warrant consideration as trustworthy evidence."). Thus, petitioner is unable to demonstrate that she suffered POTS or any other autonomic condition by preponderant evidence.

## IV.    Conclusion

In this case, there is insufficient evidence in the record for petitioner to meet her burden of proof to demonstrate that she suffered the injury alleged and therefore, insufficient proof to demonstrate that the Tdap was the cause of her condition. Therefore, petitioner's claim cannot succeed and must be dismissed. §300aa-11(c)(1)(A).

Accordingly, petitioner's motion for a decision dismissing her petition is hereby **GRANTED**, and the petition is dismissed. The Clerk of the Court shall enter judgment in accordance with this decision.[3]

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master